171 A.3d 206

IN THE MATTER OF MARY R. MOTT, AN ATTORNEY AT LAW (ATTORNEY NO. 025081989)

D–120 Sept.Term 2016
079179

October 20, 2017—Corrected: October 26, 2017

## CORRECTED ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–253, concluding that **MARY R. MOTT** of **BAPTISTOWN**, who was admitted to the bar of this State in 1989, should be suspended from the practice of law for a period of six months and permanently barred from future service as a municipal prosecutor for violating RPC 1.7(a)(2) (engaging in a conflict of interest); RPC 1.16(a) (failing to decline or terminate representation in violation of the RPCs); RPC 3.1(asserting an issue with no basis in law or fact); RPC 3.3(a)(1) (knowingly making a false statement of material fact or law to a tribunal), RPC 3.3(a)(4) and (5) (candor toward a tribunal); RPC 8.1(a) (false statements to disciplinary authorities); and RPC 8.4(a) (c), and (d) (false swearing);

And the Court having determined from its review of the matter that the appropriate discipline for respondent's unethical conduct is a six-month term of suspension and a five-year prohibition against serving as a municipal prosecutor;

And good cause appearing;

It is ORDERED that **MARY R. MOTT** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective November 20, 2017; and it is further

ORDERED that respondent shall be prohibited from serving as a municipal prosecutor for a period of five years; and it is further

ORDERED that respondent comply with Rule 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20–17.